IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| **GOURMET RECIPE EXPERTS, INC.** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO.  6:17-cv-425 |
| § | |
| **GOURMET GARDENS SPECIALTY** § | |
| **FOODS, INC.** § | |
| Defendant. § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW, Plaintiff, Gourmet Recipe Experts, Inc. ("*Gourmet Recipe Experts*" or "*Plaintiff*") and files this Original Complaint complaining of Defendant, Gourmet Gardens Specialty Foods, Inc. ("*Defendant*" or "*Gourmet Gardens*") as follows:

### I.     NATURE OF THE SUIT

1.     Gourmet Recipe Experts is a manufacturer of specialty pickles, salsa, BBQ sauces, fruit preserves, salad dressings, and sauces.  It produces a number of products for Gourmet Gardens, a wholesale distributor of products manufactured by Gourmet Recipe Experts. Gourmet Recipe Experts is generating market interest for its products independent of Gourmet Gardens.  A number of companies have expressed interest in placing orders for products directly from Gourmet Recipe Experts.  Threatened, Gourmet Gardens has warned Gourmet Recipe Experts that it owns a trade dress over specialty sauces, pickled vegetables packaged in a clear mason jar with a two-part lid.  Gourmet Recipe Experts currently has orders that it is starting to fill.  To assuage its customers and to avoid a future dispute, Gourmet Recipe Experts seeks a declaratory judgment that Gourmet Gardens does not have a valid trade dress claim in Gourmet Recipe Experts' packaging.

2. Gourmet Recipe Experts further seeks a judgment that Gourmet Gardens has breached its agreement with Gourmet Recipe Experts.  In 2016, Gourmet Gardens contracted to purchase specially manufactured goods that are not suitable for sale to another.  Gourmet Recipe Experts detrimentally relied upon this contract by purchasing ingredients necessary to fulfill Gourmet Gardens' order.  Accordingly, Gourmet Recipe Experts seeks an order compensating it for the damages it suffered as a result of Gourmet Gardens' breach.

## II.    PARTIES

3. Plaintiff Gourmet Recipe Experts, Inc. ("*Gourmet Recipe Experts*" or "*Plaintiff*") is a domestic corporation that is organized and existing under the laws of the state of Texas.  Gourmet Recipe does business throughout the state of Texas, the United States, and beyond.  Its principal place of business is located at 3251 County Road 1503 Rusk, Texas 75785.

4. Defendant Gourmet Gardens Specialty Foods, Inc. is a domestic corporation that is organized and existing under the laws of the state of Texas.  Gourmet Gardens does business throughout the state of Texas, the United States, and beyond.  Its principal place of business located at 1975 County Road 1605 Rusk, Texas 75785.  Gourmet Gardens may be served with process through its registered agent, Kara Hancock, at 300 E. Tena St. Jacksonville, Texas 75766.

## III.    JURISDICTION AND VENUE

5. This court has federal question jurisdiction over the subject matter of this case pursuant to Article 3, Section 2 of the United States Constitution and 28 U.S.C. §§ 1331, 1338 and supplemental jurisdiction over remaining claims under 28 U.S.C. §1367.

6. This Court has subject-matter jurisdiction over this case because the amount in controversy is within the jurisdictional limits of this Court.

7. This Court has *in personam* jurisdiction over this case. Gourmet Gardens is a wholesale distributor of specialty sauces and pickled vegetables with its principal place of business in Rusk, Texas. During the relevant timeframe, Gourmet Gardens maintained its principal place of business at 1975 County Road 1605 Rusk, Texas 75785.

8. Gourmet Recipe Experts is a manufacturer of specialty sauces and pickled vegetables with its principal place of business in Rusk, Texas. During the relevant timeframe, Gourmet Recipe Experts maintained its principal place of business at 3251 County Road 1503 Rusk, Texas 75785.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendants transact business in the District, and the Defendant made its claim that it owns a trade dress over the packaging used by Gourmet Recipe Experts. Thus, pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims asserted herein occurred within this District. In addition, Defendant resides in this state and within this District. 28 U.S.C. § 1391(b)(1).

### IV. FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

**A.     The Family Business**

10. Gourmet Recipe Experts is a specialty foods manufacturer and co-packer located in Rusk, Texas. It specializes in making and packaging specialty pickles, salsa, BBQ sauces, fruit preserves, salad dressings, and sauces.

11. Gourmet Gardens is a wholesale distributor of specialty pickles, salsa, BBQ sauces, fruit preserves, salad dressings, and sauces produced by Gourmet Recipe Experts.

12. Gourmet Recipe Experts and Gourmet Gardens are a family-owned-and-operated business. On or about July 7, 2014, the owner of Gourmet Gardens, Barbara Ann Bradshaw decided to pass the family business to her two children. Bradshaw gave her daughter, Kara Lee

Hancock, a majority interest in the Gourmet Gardens. Bradshaw arranged for her son, Howard Montgomery, to receive a portion of Gourmet Gardens profits for a period of several years until Hancock essentially "bought out" Howard Montgomery's interest in Gourmet Gardens. Montgomery would also continue to own and operate Gourmet Recipe Experts.

13. Bradshaw intended for this arrangement to take care of both her children. Her son's company would manufacture products for her daughter's company, which would sell the products to the open market. Unfortunately, greed is slowly destroying the intended relationship between Gourmet Recipe Experts and Gourmet Gardens. Now Gourmet Gardens is attempting to use its market influence to drive Gourmet Recipe Experts out of business.

B. **Gourmet Gardens Attempts to Force Gourmet Recipe Experts out of business.**

14. Independent of Gourmet Gardens, Gourmet Recipe Experts has been building its brand and name recognition in the market. Gourmet Recipe Experts has generated a great amount of interest in its products and is working directly with customers to sell its products in the open market.

15. Gourmet Gardens is threatened by Gourmet Recipe Experts. Accordingly, Gourmet Gardens has claimed that it has a trade dress in the packaging of specialty sauces and pickled vegetables in a clear mason jar with a two part lid. Gourmet Gardens has, thus, tacitly threatened to sue Gourmet Recipe Experts if it attempts to market and sell any specialty sauces and pickled vegetables packaged in a clear mason jar with a two part lid.

16. Gourmet Recipe Experts has started receiving orders that it is filling despite Gourmet Gardens threat. Yet in order to address the concerns posed by its customers, Gourmet Recipe Experts seeks to clear the cloud of uncertainty and threat of litigation hanging over its head.

**C.  Gourmet Gardens breaches its Agreement with Gourmet Recipe Experts.**

17.  To further damage Gourmet Recipe Experts's business, Gourmet Gardens breached its Agreement with Gourmet Recipe Experts.  For calendar year 2016, Gormet Gardens agreed to purchase $3 million worth of products.  The products it agreed to purchase are specially manufactured for Gourmet Gardens and not suitable to sell to other distributors.

18.  Gourmet Gardens has deliberately failed to purchase the amount of products required by the Agreement in an effort to further hurt the business of Gourmet Recipe Experts.  Gourmet Recipe Experts ordered extra ingredients to fulfill its obligations under the Agreement.  For example, Gourmet Recipe Experts ordered 110,000 pounds of apple puree to make apple butter for Gourmet Gardens.  Now that Gourmet Gardens has refused to comply with its obligations under the Agreement, Gourmet Recipe Experts is stuck with apple puree that it cannot use.

**V.  CAUSES OF ACTION**

**A.  COUNT ONE: DECLARATORY RELIEF UNDER THE LANHAM ACT**

19.  Gourmet Recipe Experts incorporates herein by reference all of the allegations set forth in the preceding paragraphs.

20.  Pursuant to the Declaratory Judgments Act, 28 U.S.C. §§ 2201(a) and 2202, Plaintiff requests that the Court enter a judgment determining the validity of Defendant's trade dress claim, and declaring that Defendant does not have a valid claim for a trade dress in the packaging of specialty sauces and pickled vegetables in a clear mason jar with a two-part lid.

21.  As set forth above, there is a live, justiciable controversy between the parties.  Defendant has claimed a trade dress in the packaging of specialty sauces and pickled vegetables in a clear mason jar with a two part lid.  Plaintiff states that Defendant's purported trade dress is

a functional design that is not distinctive and, therefore, not a valid trade dress.  Plaintiff is currently filling orders from customers and seeks to clear the threat of litigation from Defendant. Plaintiff has a justiciable interest in this controversy, which would be settled by the declarations sought here.

22. Therefore, Plaintiff seeks declarations as follows:

    a. Gourmet Gardens does not own a trade dress in the packaging of specialty sauces and pickled vegetables in a clear mason jar with a two-part lid; and

    b. Gourmet Recipe Experts is authorized to use clear mason jars with two-part lids to package and sell its specialty sauces and pickled vegetables.

### B. COUNT TWO – BREACH OF CONTRACT

23. Plaintiff re-alleges and incorporates by reference those facts set forth above.

24. Plaintiff entered into a valid, enforceable Agreement with Defendant.  Defendant entered a contract to purchase $3 million worth of specially manufactured goods from Plaintiff in 2016.  Plaintiff relied, to its detriment, on the Agreement with Defendant and purchased the necessary ingredients to fulfill the orders.

25. Plaintiff fully performed or stood ready to perform all material obligations under the agreement.

26. Defendant materially breached the Agreement by not purchasing the amount of goods guaranteed by the Agreement. Defendant's breach has proximately and directly caused damages suffered by Plaintiff.

27. Plaintiff is entitled to recover from Defendant its damages suffered as a result of its breaches, in addition to attorneys' fees as permitted by Section 38.001 et al of the Texas Civil Practices and Remedies Code.

### C.   COUNT THREE – COMMON LAW FRAUD AND FRAUDULENT INDUCEMENT

28. Plaintiff re-alleges and incorporates by reference those facts set forth above.

29. Defendant made material false representations to Plaintiff. Specifically, Defendant represented that it would purchase $3 million worth of product from Plaintiff.

30. Defendants knew their representations were false when made, or made the assertion recklessly, as a positive assertion, and without knowledge of the truth of these assertions.

31. Defendants made the representations with the intent that Plaintiffs act on the false representations.

32. Plaintiff relied on Defendants' misrepresentation to its detriment. Plaintiff purchased bulk ingredients to fill the orders Defendant represented it would purchase.

33. Plaintiffs have been injured by Defendants false misrepresentations.

34. Additionally, due to Defendant's fraud, Plaintiffs are entitled to exemplary damages.

### D.   COUNT FOUR – NEGLIGENT MISREPRESENTATION

35. Plaintiff re-alleges and incorporates by reference those facts set forth above.

36. Defendant made representations to Plaintiff in the course of their business or in a transaction in which Defendant had an interest. Specifically, Defendant represented that it would purchase $3 million worth of product from Plaintiff.

37. Defendant did not exercise reasonable care or competence in obtaining or communicating the information.

38. Plaintiff justifiably relied on the negligent misrepresentations of Defendant, which proximately caused Plaintiff's injury. As a result of these negligent misrepresentations, Plaintiff are entitled to reasonable damages in an amount within the jurisdictional limits of this Court.

## VI.  CONDITIONS PRECEDENT

39. All conditions precedent to Plaintiff's recovery have occurred or have been performed.

## VII.  JURY DEMAND

40. A trial by jury is hereby demanded on all issues so triable.

## VIII.  ATTORNEYS' FEES AND PUNITIVE DAMAGES

41. Plaintiff re-alleges and incorporates by reference those facts set forth above.

42. Defendant's breach of contract has forced Plaintiff to retain counsel and proceed with this litigation. Chapter 38 of the Texas Civil Practice and Remedies Code entitle Plaintiff to recover its attorneys' fees and costs associated with this lawsuit.

## IX.  PRAYER FOR RELIEF

Plaintiff respectfully requests:

A. A declaratory judgment that Gourmet Gardens does not own a trade dress in specialty sauces and pickled vegetables packaged in a clear mason jar with a two-part lid;

B. A judgment for the damages caused by Gourmet Gardens breach of contract, fraud, and negligent misrepresentation;

C. A judgment for attorneys' fees and costs as supported by the evidence and the causes of action pled herein;

D. A judgment for exemplary damages; and

E. All other relief for which Gourmet Recipe Experts shows that it is entitled to whether in law or in equity.

Respectfully submitted,

**GARDERE WYNNE SEWELL LLP**

By: */s/ Paul V. Storm*
 Paul V. Storm
 Texas Bar No. 19325350
 pvstorm@gardere.com
 J. Michael Thomas
 Texas Bar No. 24066812
 mthomas@gardere.com
 GARDERE WYNNE SEWELL LLP
 1601 Elm Street
 3000 Thanksgiving Tower
 Dallas, Texas  75201
 Telephone: (214) 999-3000
 Telecopier: (214) 999-4667

**ATTORNEYS FOR PLAINTIFF**